Ren v. Barr

BIA
Christensen, IJ
A206 302 668

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand nineteen.

PRESENT:
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

ZHIQIANG REN,
> *Petitioner,*

v.                                                          18-630
                                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Wei Gu, Albertson, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant
                       Attorney General; Linda S.
                       Wernery, Assistant Director;
                       Steven K. Uejio, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of
                       Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhiqiang Ren, a native and citizen of the People's Republic of China, seeks review of a February 13, 2018 decision of the BIA affirming a June 29, 2017 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhiqiang Ren,* No. A206 302 668 (B.I.A. Feb. 13, 2018), *aff'g* No. A206 302 668 (Immig. Ct. N.Y. City June 29, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B)*; Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the

2

applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Ren was not credible as to his claim that family planning officials and police harmed him for helping his wife escape officials' efforts to terminate her pregnancy under China's family planning policy.

The agency reasonably questioned the plausibility of Ren's testimony that he and his wife were able to escape from seven or eight family planning officials when his wife was nine months pregnant. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-68 (2d Cir. 2007) (recognizing that adverse credibility determination may be based on inherent implausibility in applicant's story if the "finding is tethered to record evidence" or based on common sense). When given an opportunity to explain how their escape was possible, Ren became evasive and unresponsive, which the agency reasonably found further impugned his

credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor). And, when pressed for specific details about the escape, Ren testified inconsistently regarding whether family planning officials called police immediately, whether he and his wife escaped in a car or electric bike, and whether he knew if family planning officials attempted to chase after them or not. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi*, 430 F.3d at 81 n.1.

Given the implausibility, demeanor, and inconsistency findings, the agency's adverse credibility determination is supported by substantial evidence and was dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4